**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

ARTURO ALVARADO,

    Petitioner,

v.                                                                           Civ. No. 17-266 RJ/GJF

KEN SMITH,

    Respondent.

**ORDER GRANTING APPLICATION TO
PROCEED *IN FORMA PAUPERIS* AND TO SHOW CAUSE**

This matter is before the Court, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, on Petitioner Arturo Alvarado's Amended Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody [ECF No. 4] and Amended Application To Proceed In District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915 [ECF No. 5]. Because it appears that Petitioner is unable to prepay the $5.00 filing fee, the Court will grant Petitioner's amended application to proceed *in forma pauperis*. Because it also appears that Petitioner's amended § 2254 petition was not timely filed under 28 U.S.C. § 2244(d)(1)(A), the Court will require Petitioner to show cause why his § 2254 petition should not be dismissed.

The following facts are derived from the face of Petitioner's amended § 2254 petition and the attached exhibits. *See Kilgore v. Att'y Gen. of Colorado*, 519 F.3d 1084, 1089 (10th Cir. 2008) (noting that a district court can dismiss a habeas petition, *sua sponte*, if "untimeliness is clear from the face of the petition"). On April 22, 2009, Petitioner was convicted in the Second Judicial District Court of the State of New Mexico of murder in the first degree and criminal sexual

penetration and sentenced to life imprisonment, plus eighteen years. [ECF No. 4 at 1, 21] Petitioner did not appeal from the judgment of conviction, but approximately seven years later, on September 29, 2016, he filed a state habeas petition in the Second Judicial District of the State of New Mexico. [ECF No. 4 at 2-3, 21] According to the Petitioner, his state habeas petition is still pending, but the Court will take judicial notice of the state court record in *State v. Alvarado*, D-202-CR-2006-02854, which indicates that Petitioner's state habeas petition was summarily dismissed on September 29, 2016. *See* New Mexico State Judiciary Case Lookup Application, https://caselookup.nmcourts.gov/caselookup/app; *see also St Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

Title 28 of the United States Code, section 2244(d) imposes a "1-year limitation" on "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year limitation begins to run, in relevant part, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Petitioner did not file an appeal from the judgment of conviction and, therefore, his conviction became "final upon the expiration of the time in which to take a direct criminal appeal." *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Petitioner had thirty days from the entry of judgment on April 22, 2009 to file a direct criminal appeal. *See* NMRA 12-201(A)(2) ("A notice of appeal shall be filed . . . within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office."). Therefore, Petitioner's conviction became final on May 22, 2009 and the limitation to file a § 2254 petition expired one-year later, on May 22, 2010.

The Court recognizes that the one-year limitation period is subject to statutory tolling during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). However, a state habeas petition submitted *after* the expiration of the one-year limitation period "does not toll the limitations period." *Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) (unpublished). In the present case, Petitioner's state habeas petition was filed on September 29, 2016, approximately six years after the expiration of the one-year limitation period and, therefore, Petitioner is not entitled to statutory tolling under § 2244(d)(2).

The Court further recognizes that the one-year limitation period in § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is appropriate only in "rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000), and "a garden variety claim of excusable neglect" is not enough to warrant application of the doctrine, *Holland*, 560 U.S. at 651 (internal quotation marks and citation omitted).

The Court will afford Petitioner an opportunity to explain why the doctrine of equitable tolling may be applicable to his amended § 2254 petition. Failure timely to respond to this Order or otherwise show cause may result in the dismissal of Petitioner's amended § 2254 petition without further notice.

**IT IS THEREFORE ORDERED** that Petitioner's Amended Application To Proceed In District Court Without Prepaying Fees or Costs [ECF No. 5] is **GRANTED**;

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order,

Petitioner shall file a response showing cause, if any exists, why his amended § 2254 petition should not be dismissed as untimely.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE