## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ARTURO ALVARADO,

     Petitioner,

    v.                                       No. 17-CV-00266-RJ-GJF

KEN SMITH,

     Respondent.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, on Petitioner Arturo Alvarado's response to Magistrate Judge Gregory J. Fouratt's Order To Show Cause [Doc. 7] and Petitioner's Motion to Appoint Counsel [Doc. 8].   On April 19, 2017, Magistrate Judge Fouratt ordered Petitioner to show cause why his amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as untimely under § 2244(d)(1)(A), because it was filed more than six years after Petitioner's state conviction had become final.   [Doc. 6]   In his response, Petitioner appears to request equitable tolling based on mental incompetence.   [Doc. 7]   The Court concludes that Petitioner is not entitled to equitable tolling and, therefore, his amended § 2254 petition will be dismissed as untimely, his motion for appointment of counsel will be denied as moot, a certificate of appealability will be denied, and judgment will be entered.

On April 10, 2017, Petitioner filed an amended § 2254 petition challenging his conviction and sentence in *State of New Mexico v. Alvarado*, D-202-CR-200602854.   [Doc. 4]   According to Petitioner's amended petition, on April 22, 2009, Petitioner was convicted in the Second

Judicial District of the State of New Mexico of felony murder and criminal sexual penetration and sentenced to life imprisonment, plus eighteen years.   [Doc. 4]   Petitioner did not appeal from the judgment of conviction or the sentence.   In his amended § 2254 petition, Petition challenges the validity of his state conviction and sentence, contending that:   (1) he was incompetent to plead guilty due to mental retardation; and (2) his trial counsel was ineffective because he "failed to present evidence that Petitioner is mental retarded due to gunshot to the head."   [Doc. 4]

The Court will take judicial notice of the official state court record in Petitioner's habeas case in the Second Judicial District, which is available through the New Mexico Supreme Court's Secured Online Public Access (SOPA) system.   *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Stack v. McCotter*, 79 F. App'x 383, 391 (10th Cir. 2003) (taking judicial notice of the state district court docket sheet in a related mandamus proceeding) (unpublished).   The state court docket reflects that on August 31, 2016, the Second Judicial District Court received for review Petitioner's Petition For Writ of Habeas Corpus, which raised two claims:   (1) ineffective assistance of counsel due to "counsel's failure to inquire into Petitioner's competency after learning of Petitioner's mental retardation due to gunshot to the head"; and (2) actual innocence.   The Post-Conviction Habeas Unit Law Offices of the Public Defender reviewed Petitioner's state habeas petition pursuant to NMRA Rule 5-802(G)(1) of the Rules of Criminal Procedure for District Courts and determined that it was "not a proceeding that a reasonable person with adequate means would be willing to bring at a person's own expense," because:

4)   In the instant matter, Petitioner contends that his trial attorney

2

was ineffective for failing to "inquire into Petitioner's competency." Petitioner is in error. The competency review process began on March 20, 2008 and concluded via hearing on January 8, 2009. An order deeming Petitioner competent was filed on January 9, 2009. Therefore, competency was both raised and thoroughly litigated.

5) Additionally, Petitioner apparently conjoins a vague claim of actual innocence to his previous erroneous supposition that competence was not investigated by his trial attorney. Seemingly, Petitioner posits that due to some form of mental disability/brain damage he is actually innocent of the charges to which he plead. Petitioner's claim is devoid of particularized facts, entirely conclusory and fails to make a prima facie showing of actual innocence. "A petitioner asserting a freestanding claim of innocence must convince the court by clear and convincing evidence that no reasonable juror would have convicted him in light of new evidence." *Montoya v. Ulibarri*, 163 P.3d 476, 142 N.M. 89, 2007 N.M.S.C. 35 (2007). Here, Petitioner entirely fails to make a prima facie showing of actual innocence. Dissatisfaction with the results obtained through the efforts of an attorney does not provide a basis for post-conviction relief. *State v. Apodaca*, 432 P.2d 256, 78 N.M. 412 (1976).

On September 29, 2016, the district court summarily dismissed Petitioner's state habeas petition because "Petitioner fails to state a claim upon which relief can be granted." On October 24, 2016, Petitioner filed a petition for writ of certiorari in the New Mexico Supreme Court, which is currently pending. *See Alvardo v. Lytle*, S-1-SC-36159.

On April 19, 2017, Magistrate Judge Gregory J. Fouratt ordered Petitioner to show cause why his amended § 2254 petition should not be dismissed as untimely. [Doc. 6] Magistrate Judge Fouratt explained that 28 U.S.C. § 2244(d) imposes a one-year limitation period on § 2254 petitions, which begins to run, in relevant part, from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." [Doc. 6 at 2 (quoting § 2244(d)(1)(A))]. Petitioner's conviction became final on May 22, 2009–thirty days after the expiration of the time to file a direct appeal from the judgment of conviction. *See United*

3

*States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006); NMRA Rule 12-201(A)(2).

Therefore, the one-year limitation period for filing a § 2254 petition expired on May 22,

2010—more than six years before the filing of the present § 2254 proceeding.   Although

Petitioner submitted a state habeas petition *after* the expiration of the one-year limitation period,

Petitioner's state habeas petition does not toll the limitation period.   *See Gunderson v. Abbott*, 172

F. App'x 806, 809 (10th Cir. 2006) (unpublished).   Magistrate Judge Fouratt informed Petitioner

that, absent equitable tolling, his amended § 2254 petition is time-barred and afforded Petitioner

"an opportunity to explain why the doctrine of equitable tolling may be applicable to his amended

§ 2254 petition."   [Doc. 6 at 3]

    In response, Petitioner submitted a letter that appears to seek equitable tolling based on

mental incompetence.   [Doc. 7]   Specifically, Petitioner contends that he is mentally disabled

due to a gunshot wound to his head that caused permanent brain damage.   [Doc. 7]   Additionally,

Petitioner contends that he suffers from seizures, major depression, dementia, memory loss,

mental retardation, auditory hallucinations, psychosis, bipolar disorder, paranoid schizophrenia,

and mood swings.   [Doc. 7]   On June 8, 2017, Petitioner filed a motion for appointment of

counsel, asking the Court to appoint counsel to represent him in this proceeding because he has

"been diagnosed as mentally retarded due to a gunshot in the head."   [Doc. 8]

    The United States Court of Appeals for the Tenth Circuit has recognized that "equitable

tolling may be appropriate where there is adequate proof of incompetence."   *Reupert v. Workman*,

45 F. App'x 852, 854 (10th Cir. 2002) (unpublished).   "Equitable tolling of a limitations period

based on mental incapacity is warranted only in 'exceptional circumstances' that may include an

adjudication of incompetence, institutionalization for mental incapacity, or evidence that the

individual is not 'capable of pursing his own claim' because of mental incapacity."   *Id.* (quoting

4

*Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264 (10th Cir. 1996)); *see also Del Rantz v. Hartley*, 577 F. App'x 805, 810 (10th Cir. 2014) (noting that "mental impairment is not *per se* a reason to toll a statute of limitations" and that "federal courts equitably toll the limitations period only when there is a severe or profound mental impairment, such as that resulting in institutionalization or adjudged mental incompetence") (unpublished).  "Allegations of mental incompetence alone . . . are generally insufficient to warrant equitable tolling." *Wiegand v. Zavares*, 320 F. App'x 837, 839 (10th Cir. 2009) (unpublished).

    Although Petitioner may suffer from various mental disorders, he has failed to adduce adequate evidence of mental incompetence to warrant equitable tolling.   There is no indication that Petitioner has ever been adjudicated mentally incompetent, institutionalized for mental incapacity, or found to be incapable of pursuing his own claims because of mental incapacity. Indeed, the state court record belies Petitioner's assertions of mental incompetence.   In his state court habeas proceedings, the district court summarily dismissed Petitioner's claim that he was mentally incompetent at the time of his trial, finding that Petitioner's claim was not supported by the files, pleadings, and records.   "[T]he state trial court's findings rejecting the competency claim in denying post-conviction relief may not be lightly disregarded." *Reupert*, 45 F. App'x at 854 (citing 28 U.S.C. § 2254(e)(1)).   Therefore, the Court finds that Petitioner has failed to fulfill his burden to establish the existence of exceptional circumstances.   Even if exceptional circumstances existed, Petitioner has failed to allege any facts indicating that he has acted with due diligence in the pursuit of his federal claims.   *See Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (holding that to be entitled to equitable tolling, a petitioner must allege "with specificity the steps he took to diligently pursue his federal claims") (internal quotation marks and citation omitted).   Accordingly, Petitioner's amended § 2254 petition will be dismissed with prejudice as

untimely and his motion for appointment of counsel will be denied as moot.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts. To be entitled to a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate the Court's conclusion that Petitioner's § 2254 petition is untimely under § 2244(d)(1) or that he is not entitled to equitable tolling of the limitations period and, therefore, a certificate of appealability will be denied.

IT IS THEREFORE ORDERED that Petitioner's amended § 2254 petition [Doc. 4] is DISMISSED with prejudice as untimely; Petitioner's motion to appoint counsel [Doc. 6] is DENIED as moot; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE